# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:16cr3-RH-EMT

ABIGAIL LEE KEMP,

     Defendant.

_____/

## ORDER AMENDING THE JUDGMENT

The defendant Abigail Lee Kemp participated in a series of armed jewelry-store robberies in this and other districts. The four-count second superseding indictment in this district charged Ms. Kemp with these offenses: conspiracy to commit Hobbs Act robbery (count one); using, carrying, and brandishing a firearm during and in relation to the Hobbs Act conspiracy in violation of 18 U.S.C. § 924(c) (count two); a specific substantive Hobbs Act robbery (count three); and using, carrying, and brandishing a firearm during and in relation to the substantive Hobbs Act robbery, again in violation of § 924(c) (count four). Indictments in other districts were transferred to this district under Federal Rule of Criminal Procedure 20. Those indictments charged Ms. Kemp with four additional substantive Hobbs Act robberies.

Ms. Kemp pled guilty to all these charges. I sentenced her to 10 years—120 months—in the Bureau of Prisons, taking into account all the sentencing purposes in 18 U.S.C. § 3553(a). I structured the sentence on the second superseding indictment in this district as 84 months concurrent on counts one and three, the Hobbs Act counts; plus 12 months consecutive on count two, the 924(c) conviction predicated on the Hobbs Act conspiracy; plus 24 months consecutive on count four, the 924(c) conviction predicated on the substantive Hobbs Act robbery. On the cases transferred to this district under Rule 20, the sentence was 120 months on each count, to be served concurrently with the overall 120-month sentence on the case originating in this district. There was a 924(c) charge in one of the cases transferred from another district, but that 924(c) charge was dropped. *See* ECF No. 213 at 5-6.

Ms. Kemp has moved under 28 U.S.C. § 2255 for relief from the conviction on count two of the second superseding indictment in this district—the 924(c) count predicated on the Hobbs Act conspiracy. The government has waived any procedural defenses and acknowledges that Ms. Kemp is entitled to relief from the conviction on that count. Under decisions issued since Ms. Kemp pled guilty and was sentenced, a 924(c) conviction can be predicated on a substantive Hobbs Act robbery but not on a Hobbs Act conspiracy. *See United States v. Davis*, 139 S. Ct. 2319 (2019); *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019).

Ms. Kemp has explicitly waived any right to a resentencing hearing. And such a hearing would serve no purpose. As the sentencing judge, I know to a certainty that the conviction on count two did not affect the overall sentence. For the reasons explained on the record of the sentencing hearing, I concluded then, and conclude now, that the appropriate overall sentence based on all the § 3553(a) sentencing purposes is 120 months in prison.

Finally, a procedural note. In this district, all § 2255 motions are routinely referred to a magistrate judge for entry of a report and recommendation, except when the district judge determines it would be more efficient to deal with the motion directly, without participation by a magistrate judge. I made that determination here and had my staff so advise the magistrate judge's staff. Somehow the communication misfired. The magistrate judge issued, then withdrew, a report and recommendation. It was docketed as ECF No. 368, but the docket no longer includes the report and recommendation; there is no longer an ECF No. 368.

I never saw the report and recommendation, and it is not on the docket. But the government saw the report and recommendation when it was initially docketed, before it was withdrawn, and the government referred to it in a notice of supplemental authority. ECF No. 369 at 1. Ms. Kemp's attorney might have seen it, too, or, if not, might have been confused by the government's reference to it.

The issuance, docketing, and withdrawal of the report and recommendation should not have occurred. But none of this made any difference. Indeed, except for these last three paragraphs, I had already drafted this order; it was in the queue for final editing and proofreading.

For these reasons,

IT IS ORDERED:

1. Ms. Kemp's supplemental § 2255 motion to vacate her conviction on count two of the second superseding indictment, ECF No. 363, is granted.

2. The judgment entered on February 7, 2017, ECF No. 251, is amended to delete the conviction on count two in Case No. 5:16cr3; to delete the sentence of 12 months in prison on that count; to delete the term of supervised release on that count; and to reduce the special assessment in Case No. 5:16cr3 from $400 to $300. In all other respects the judgment remains the same.

SO ORDERED on December 30, 2019.

<u>s/Robert L. Hinkle</u>
United States District Judge